UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Freddie Lee Livingston,

Petitioner,

vs.                                        REPORT AND RECOMMENDATION

Joan Fabian, Minnesota Department
of Corrections Commissioner,

Respondent.              Civ. No. 06-3456 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge
pursuant to a general assignment, made in accordance with the provisions of Title 28
U.S.C. § 636(b)(1)(B), upon the Petition of Freddie Lee Livingston for a Writ of
Habeas Corpus under Title 28 U.S.C. §2254.  For reasons which follow, we
recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for
lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases
In The United States District Courts.[1]

---

[1]Rule 4 provides that, "[i]f  it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must
(continued...)

Dockets.Justia.com

II.  <u>Factual and Procedural Background</u>

In May of 2000, the Petitioner was convicted, in the Minnesota State District Court for Anoka County, on a charge of Third Degree Criminal Sexual Conduct.  As a result, he was sentenced to thirty-eight (38) months in prison, followed by a ten (10) year term of "conditional release."  See, <u>Petition</u>, <u>Docket No. 1</u>, at ¶¶1-4.  It appears from his submissions that the Petitioner completed his original sentence, but was later imprisoned after he violated the terms of his conditional release.   <u>Petitioner's Memorandum in Support of Petition</u>, <u>Docket No. 2</u>, at pp. 1-2.  He is currently incarcerated at the Minnesota Correctional Facility, in Rush City, Minnesota.

Following his conviction, the Petitioner filed a direct appeal with the Minnesota Court of Appeals, claiming that:  1) the Trial Court erred in denying his Motion for a new Trial based upon an alleged violation of a Sequestration Order, and 2) there was insufficient evidence to support his conviction.  See, <u>Petition</u>, at ¶11.  The Minnesota Court of Appeals rejected the Petitioner's arguments, and upheld his conviction on July 3, 2001.  See, <u>State v. Livingston</u>, 2001 WL 740903 (Minn. App., July 3, 2001), rev. denied (Minn., September 11, 2001).

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner."

The Petitioner has also challenged his conviction in two prior Federal Habeas Corpus Petitions, which were filed in this District.  The Petitioner's first Habeas Petition was dismissed without prejudice, because it included claims for which he had not yet exhausted his available State Court remedies.  See, <u>Livingston v. Ramstad Hvass</u>, Civil No. 01-2117 (DSD/RLE).  His second Habeas Petition was dismissed as moot, because he was no longer in custody.  See, <u>Livingston v. Ramstad Hvass</u>, Civil No. 02-628 (DSD/RLE).

Although the Petitioner's current submissions do not disclose any other prior legal challenges to his conviction or sentence, we note that he apparently filed a State Post-Conviction Motion which challenged the length of his conditional release term. On September 9, 2003, the Minnesota Court of Appeals ruled that the Petitioner's conditional release term would be reduced from ten (10) years to five (5)  years. <u>Livingston v. State of Minnesota</u>, No. CX-02-2265, 2003 WL 22078934 (Minn. App., September 9, 2003).

The Petitioner's current Federal Habeas Corpus Petition, which was filed on August 24, 2006, challenges his State criminal conviction, in May of 2000, on the

same two (2) grounds that he had previously raised in his direct State Court appeal.[2]

However, we find that the current Petition must be summarily dismissed, without

reaching the merits of any of the Petitioner's claims for relief, because the Petition

was not filed before the expiration of the one-year statute of limitations that applies

to Federal Habeas Corpus Petitions.

### III.  Discussion

On April 24, 1996, former President Clinton signed the Antiterrorism and

Effective Death Penalty Act, which effected significant changes in the Federal Habeas

Corpus statutes.   One of those changes was incorporated into Title 28 U.S.C.

§2244(d), which established a one-year statute of limitations for Habeas Corpus

Petitions, which are filed by State prisoners who seek a Federal Court's review of a

State Court conviction or sentence.  The new provision reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a state court.  The
> limitation period shall run from the latest of --

---

[2]We note that the Petitioner could not challenge his current confinement on any grounds other that those raised in his original State Court direct appeal -- i.e., insufficiency of the evidence, and violation of a Sequestration Order -- because those are the only claims that the Petitioner has fully exhausted in the State Courts, as required by Title 28 U.S.C. §2254(b).

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction or sentence, ordinarily must file his Petition within one (1) year after his Judgment of conviction "became final by the conclusion of direct review."

Title 28 U.S.C. §2244(d)(1).

- 5 -

The statute provides, however, that the deadline can be modified if:  1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition.  See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court.  See, Title 28 U.S.C. §2244(d)(2).  Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and any application for post-judgment relief, is counted towards the one-year limitation period. See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an application for state post-conviction relief is filed, counts against the one-year period.").

B.    <u>Legal Analysis</u>.  Here, there is nothing on the face of the Petition to suggest that Clauses (B), (C), or (D) of Section 2244(d)(1), would have any applicability.   In other words, there is no showing that the State created any impediment that prevented the Petitioner from seeking Federal Habeas relief within the prescribed one-year limitation period, nor is there any showing that the Petitioner's claims are based on any newly-recognized -- and retroactively applicable -- constitutional right, or any new evidence that could not have been discovered earlier.  Thus, the one-year statute of limitations began to run in this case, pursuant to Section 2244(d)(1)(A), when the Petitioner's Judgment of Conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

For purposes of Section 2244(d)(1)(A), the Petitioner's Judgment of Conviction did not become final on direct review until the expiration of the deadline for the filing of a Petition for a Writ of Certiorari with the United States Supreme Court.  See, <u>Title 28 U.S.C. §2244(d)(1)(A)</u>("The limitation period shall run from * * * the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.")[emphasis added]; <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999) (The running of the

statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ."). Certiorari Petitions must be filed within ninety (90) days after a final adjudication by a State's highest Court. See, Rule 13.1, Rules of the Supreme Court of the United States. Thus, for purposes of Section 2244(d)(1)(A), the Petitioner's Judgment of Conviction became final 90 days after the Minnesota Supreme Court upheld his conviction on direct appeal.

The Minnesota Supreme Court affirmed the Petitioner's conviction and sentence on September 11, 2001, so the Judgment in his criminal case became final, for purposes of the Federal statute of limitations, 90 days after that date -- that is, on December 10, 2001. The statute of limitations expired one year thereafter, on December 10, 2002.

However, the Petitioner did not file his present Petition until August 24, 2006, which was more than four (4) years after the statute of limitations began to run on December 10, 2001, and more than three (3) years after the limitation period expired on December 10, 2002. Therefore, it is readily apparent that his current Petition is

time-barred, unless it can be saved by the tolling provisions of Section 2244(d)(2). We note that the Petitioner's State Post-Conviction proceedings were completed in 2003, nearly three (3) years before he filed his current Petition. Thus, the tolling provision of Section 2244(d)(2) cannot aid the Petitioner in any way.[3]

In sum, since the Petitioner did not file his Federal Habeas Petition before the statutory deadline prescribed by Section 2244(d)(1), his Petition is time-barred. Accordingly, we recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In addition, as the Petitioner's Habeas Corpus claims cannot be entertained on its merits, we further recommend that the Petitioner's pending application for leave to proceed in forma pauperis, be denied as moot.

NOW, THEREFORE, It is –

---

[3]We also note that the Petitioner's previous Federal Habeas Corpus Petitions have no tolling effect on the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. §2244(d)(2)," and "Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

RECOMMENDED:

1.      That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed, with prejudice.

2.      That the Petitioner's application for leave to proceed in forma pauperis, [Docket No. 3] be denied as moot.

Dated: August 25, 2006                    s/Raymond L. Erickson
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 12, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 12, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.